Judge Rowan
delivered the opinion of the court.
This was an action of ejectment, upon the trial of which M’Kinny, the lessor of the plaintiff, introduced his patent, and proved the boundaries thereof. Defendants exhibited their patent, which was of younger date than piaintiif’s, and proved the bounderies thereof. Defendants proved, that in the year 1791, their ancestor, the patentee, took possession under his patent, and that he and the defendants have held possession ever since, withinthe interference. ¶ That their ancestor had, as proprietor thereof, under his patent, enclosed’a field within the interference in the year aforesaid: That said improvement and inclosure had been, since that time, and since the death of their father, considerably, but gradually/enlarged; much of the enlargement had been made within twenty years next before the beginning of this suit; that much of the improvement had been, for a part of the time, uninclosed. It was proved by plaintiff, that about 17 or 18 years ago, one M’Dowel, claiming under Smith and Burnley, whose claim adjoined defendant’s northern patent boundary, cleared a field: That in clearing the field it was hisintenlion to clear and enclose up to, but not to transcend the common boundary of defendants and Smith and Burnley. That, one Thomas Jones, about the time last aforesaid, had contracted, by a written article of agreement ivith the lessor of the plaintiff for ail the land in controver.sy: thet after having so contracted, he compromised with M’Doweil, and thereby became possessed of his field and claim aforesaid. That being so thereof posséssed,he rented it out for several years, and then sold it to one Jackson, who is the present occupant thereof. It appeared that one corner of the fence made by M’Doweil in enclosing his aforesaid field under the claim of Smith and Burnley, projected over the common boundary of Smith and Burnley and defendants, into the land of defendants, to the extent of one pole or thereabouts. Whereupon plaintiff’s counsel moved the court to instruct the jury, that if they believed that Jones, after his purchase from plaintiff’s lessor, and within twenty years of the date of plaintiff’s patent, entered upon a part of the said interference for the whole thereof; the interference being within his, the said Jones’ purchase from plaintiff; that then and in that case the plaintiff could *461 Bot be barred or precluded Jby the statute of limitation, from recovering all the landwvithin the interference, outside of defendants’ enclosure. t/The court refused to givd the instruction required, and instructed the jury that the occupancy by defendant of part of the interference, was an ac-túa! adverse possession to the whole extent of said interference. and was to that extent a bar to plaintiff’s recoven', notwithstanding the entry and occupancy of a part of the premises in controversy, under plaintiff’s patent by Jones, within the time within which an entry was allowed by law to tmn or to the said Jones under him.
instructions assum’dstate of case, and wl]ic!l tÍ!l- e-vidc-nce does not c0„^uce to establish, should be re-v ‘e.
a settler taking1 pos-without in-lending to in-lfude ?n;‘n0r CJClen\aU • in-trading, ac-'0^‘ out-sideofhisac-t.u»l cto^e.
_ ¿enta|S unintentional intruder sell-(wi,0 a-- elder pa- ‘ ⅛® .¡edon)trans-fere no right **f possession claim intru-on, exr clone.
Had the court refused to give the instructions asked for by the plaintiff, and proceeded no farther, this court would , ,. . 1 . . „ , . . , Have telt some Hesitation .to. nitenere — because the mstruc-tiou asked was not upon the facts in the cause, nor upon facts to the establishment of which the testimony in the cause conduced. -The possession of M'Dowell was under the claim of Smith and Burnley:'The field enclosed by him vlas professedly within that claim, and although within M’-Kinny’s boundaries, was intended to be. and was actually without the boundary of defendant’s patent. M’Dowell had never possessed knowingly or intentionally any land within defendant’s boundary; on the contrary, he had in-tenaeci not to transcend toe mints of the defendanvs patent in the acquisition, or exorcise of his possession.- — M’Dowell couid not sell to Jones, nor could Jones purchase'from M’-Dowell a greater extent of possession than he (M’Dowell) had. There is no proof in the cause that Jones ever, by any after act, altered either the character or extent of the possession acquired' from M’Dowell. The accidental and undesigned projection by M’Dowell of one corner of his farm oyer the line of Kenny to the extent of'one pole, cannot be considered as ah entry on a part for the whole. It has been more than once decided by this court, that possession to extend itself beyond the close| must be upon a claim of greater extent; and it is believed that to give a construe-live extension to the possession of M’Dowell beyond the limits of the claim under which it was taken, and contrary to the intention of the occupant, would not have the sane-lion oí authority or reason. It would be to make M’Dow-ella trespasser against his ipvill. Had the verdict of the iurt, therefore, been found without the interference of the court, upon the facts and evidence of the case, it must nave Remained approved and undisturbed, Rut the court below *462 erred in the instruction which they gave to the jury. Ip that instruction they assumed the decision of the facts .as to possession, and they erred as to the law upon the fahts.
Marshall for plaintiff, Haggin for defendant in error.
it is therefore considered that the judgment of the court below be reversed, the cause sent back — verdict to be set aside, and venire de novo awarded Plaintiff to recover hi? costs.