POTTER, WHITE, NUTE & BAILEY v. W. H. & R. WOOSTER, et al.

1. INSTRUCTIONS. The appellate court cannot determine upon the correctness of the ruling of the court below, in giving or refusing instructions, unless the evidence upon which such instructions are based appears of record and is properly brought before such court.

2. BILL OF EXCEPTIONS. This court will not consider evidence certified by the clerk of the District Court; it must be embodied in a bill of exceptions, signed by the judge.

3. INSTRUCTIONS. When there is nothing for a jury to determine, but the amount of principle and interest due on a note, it is proper for the

Potter, White, Nute & Bailey v. W. H. & R. Wooster, et al.

court to instruct them as to the character of their verdict. It is also the province of the court to determine from the pleadings what allegations are admitted and what denied.

4. SAME. Where the plaintiff's cause of action was admitted by the pleadings, held that it was not error in the court to instruct the jury to return a verdict for the plaintiff.

*Appeal from Lee District Court.*

FRIDAY, APRIL 6.

THIS was an action against W. H. & R. Wooster, as the makers, and Wooster, Templin & Co., as the indorsers of a promissory note. Judgment was rendered by the District Court against both the makers and indorsers, from which defendants appeal.

*Lowrie & Miller* for the appellants.

*Rankin & Miller* for the appellees.

BALDWIN, J.—The errors will be noticed in the order in which they are assigned.

I. The court erred in refusing the instructions asked by the defendants, Wooster, Templin & Co. The principal points presented by the instructions thus asked for and refused by the court relate to the liability of appellants as indorsers of the note sued on, and the sufficiency of the protest offered in evidence by plaintiff to charge the defendants as indorsers. The appellate court can not determine upon the correctness of the ruling of the District Court in giving or refusing to give instructions asked by either party, unless the evidence upon which such instructions are based appears of record and is properly brought before such court. A copy of a protest of the character referred to by the instructions is in the record, but it does not appear that the protest thus copied was the one introduced and relied upon by plaintiffs to charge the defendants as indorsers. It is no part of the duty of the clerk to certify to or set out the evidence offered. This court

can not act upon his statements; the evidence should be embodied in a bill of exceptions, properly certified by the judge. See *Garber* v. *Morrison & White*, 5 Iowa 476. The instructions thus refused by the court may have been correct in principle, and under a proper state of facts should have been given; yet the court may have regarded them in this case as inapplicable to the state of facts as established by plaintiffs, and may have properly refused to give them to the jury.

II. It is assigned that the court erred in instructing the jury to find for the plaintiff.

The only evidence introduced was the note sued on and the protest thereon. When in a cause there is nothing for the jury to determine but the amount of principal and interest due upon a note, we think the court has power to give directions to the jury as to the character of their verdict. We think the court, however, was justifiable in this cause in directing the jury to find for the plaintiffs upon the pleadings. The defendants in their answer admit the execution of the note; they deny that the same was, at maturity, presented to the maker for payment and duly protested for non-payment; and they deny that the indorsers were duly notified of the fact, and claim that the time of payment was extended by the holders of said note to the makers thereof, and that the indorsers were thereby released. This answer is under oath and calls for a replication under oath, which was duly filed by plaintiffs, in which it is alleged that the note was duly presented and payment demanded and refused, and the indorsers duly notified of the fact. Any pleadings thus required to be made under oath, shall be considered as evidence in the cause of equal weight with that of a disinterested witness. Section 745, Code. It is the province of the court to determine from the pleadings, what allegations are admitted or denied. *McKinney* v. *Hartman*, 4 Iowa 154.

As to the third assignment of errors, the appellees admit

the excessive judgment, and a *remittitur* of $347.03 is entered accordingly.

Judgment affirmed, less the amount thus remitted.