REID v. MASON, Sheriff, &c.

1. INSTRUCTION. It is the duty of the court to instruct the jury as to the issues joined in the pleadings. (*McKinney* v. *Hartman*, 4 Iowa, 154.)

2. SAME: EVIDENCE. The Supreme Court will not review instructions based upon the evidence, when all of the evidence is not in the record.

3. SAME: REPETITION. The court may refuse instructions which have already been given.

*Appeal from Linn District Court.*

WEDNESDAY, APRIL 15.

ACTION of replevin. The defendant justifies the taking of the property in controversy, under certain writs of attachment against Carl Cook, A. C. Dill, M. B. Warner, and E. R. Budd, partners under the name of "E. R. Budd." Plaintiff claims that he was the owner, and entitled to the possession of the goods when seized by the sheriff. Issue being joined, a trial was had, which resulted in favor of the plaintiff. Defendant appeals.

*I. M. Preston & Son* for the appellant.

*Withrow & Smith* with *Hubbard & Stevens* for the appellee.

BALDWIN, C. J.—There are several points made by the counsel for appellant in their argument that we do not think proper to refer to. It is assumed in the argument that the whole of the record and all the evidence introduced upon the trial is before us. The court, in its bill of exceptions, does not certify that the evidence therein set forth is the whole of the evidence; nor does the clerk certify that the transcript sent up is a complete and full record of the case; on the contrary, he certifies that it contains but such portions thereof as he was directed to make.

Again, the record is voluminous, and without index. Counsel call our attention to certain portions of evidence, without referring to the page, leaving the court to travel through the whole record to find out the fact alluded to in the argument. Depositions and books of account are referred to, and points made thereon in argument, when it must have been known to counsel that neither the depositions nor books of account were before the court.

It is first assigned that the court erred in giving the 7th and 8th instructions in its charge to the jury. Taking the whole of the 7th instruction, in connection with others given by the court, we do not see how the jury could have been misled thereby. The court states the issues made by the pleadings, and upon the authority of *McKinney* v. *Hartman*, 4 Iowa, 154, there was no error in so doing.

The court says in the 8th instruction that as the defendant, in his answer, alleges that the property, at the time it was seized, belonged to the partners composing the firm of "E. R. Budd;" that it makes no difference, so far as this case is concerned, whether the goods were the joint property of Cook & Reed, or Reed and Cook. The answer denies that Reed was the owner, so that the only question in issue was whether the property belonged to Reed or to the said firm of "E. R. Budd."

Reid v. Mason.

The jury were instructed also that if the goods belonged to said firm, or if they were placed with Reed by said firm, for the purpose of defrauding creditors, that they must find for the defendant. We are unable to see any prejudicial error in this instruction, and more especially as the court directed the jury that Reed must satisfy them that he was the owner of the property before he could recover.

It is assigned as error that the court refused to give nineteen instructions asked by defendant. Many of these instructions are based upon the evidence, and without all the evidence before us we could not undertake to say the court erred in refusing to give them. *Potter, White, Nute & Bailey* v. *Wooster et al.*, 10 Iowa, 334. Again, many of those asked are substantially given by the court in its charge to the jury.

For instance, it is claimed in argument that the court, by its refusal to give the 3d and 4th instruction asked, virtually directed the jury that the plaintiff Reid was not required to prove that he was the owner, and as such entitled to the possession of the goods in his own right before he could recover. The court, in its charge (§ 2), says, if plaintiff recovers at all, he must do so on the strength of his own title.

Again, the court says that the defendant may defeat plaintiff's title by showing a better title in himself, or that some other person owned the goods. Without undertaking to say that the court, in its charge, stated the correct rules of law, we think that it is fully apparent that the instructions asked by defendant were substantially given by the court.

Sections 2764, 2785, of the Revision of 1860, are cited in support of the 6th, 7th and 8th instructions. The Revision was not in force when this action was commenced. If it

had been, we are unable to perceive the application of the questions raised by these instructions.

The 9th and 10th instructions contain correct rules of law, and should have been given if applicable, but we have failed to find any necessity for such instructions in this case.

The 11th and 12th instructions refer to the mutilation of certain books of account, and relate to evidence that counsel must have known, when they argued this case, was not before us.

We see no other points that it is important for us to consider

Affirmed.