## PHENY v. METCALF.

### Appeal from Monroe District Court — Tuesday, January 26.

PLAINTIFF appeals, and assigns for error the action of the court below in removing the case, on defendant's motion, into the Circuit Court of the United States. Defendant's non-residence is not in dispute. The parties differ as to the value of the property in controversy (real estate), and how this value is to be shown.

*Perry & Townsend* for the appellant — *E. H. Stiles* and *Brown & Sully* for the appellee.

WRIGHT, J. — By proper pleading it is insisted that plaintiff has waived his appeal by appearing to the action in the Circuit Court of the United States. Appellee also insists that under the federal legislation the affidavit of the party applying for such removal, is to be accepted as the sole evidence of the amount or value of the property in controversy, and that a counter showing cannot be received. And finally it is claimed, that the record merely shows the transfer; that this order alone is appealed from; but it does not appear whether the court below considered these counter affidavits, etc. As this last point, in view of the state of the record, is decisive of the case, we omit any notice of the others.

It is recited that the cause was "submitted upon the petition for removal and the papers filed appertaining thereto," and the court, being advised, ordered, etc. But what *papers* were thus filed, we have no means of knowing. The evidence upon which the court acted is not certified to us in any method known to the law, as recognized by the repeated rulings of this court. *Potter* v. *Wooster*, 10 Iowa, 334; *State ex rel.* v. *Jones*, 11 id. 11.

Affirmed.