## RAMSEY v. BUSH *et al.*

Practice: CHANGE OF VENUE. Where the record fails to show fully and certainly upon what the action of the court was based in granting a change of venue, its ruling will not be disturbed on appeal

*Appeal from Decatur District Court.*

SATURDAY, APRIL 10.

THIS action was originally brought in the District Court of Decatur county. The defendants made application for a change of venue on account of the prejudice of the inhabitants of the county against them. Pending this application, plaintiff asked for a change of venue out of the judicial district, on the ground of the prejudice of the judge. Upon this motion of plaintiff, the cause was ordered to be sent to Wayne county, in another judicial district.

The defendants made proper objections to the inhabitants of Wayne county, because of prejudice, and the

order was modified, so that the cause was finally sent to Lucas county. The plaintiff, after the cause had been transferred to Lucas county, made proper application for a change of venue from that county on account of the undue influence of the attorney of defendants over the inhabitants of the county. This change was also ordered, and, as shown by the record, the cause was, by agreement of the parties, sent back to Decatur county.

After the cause was transferred to Decatur county, and again upon the docket of the District Court of that county, defendants made their motion, supported by proper affidavit of prejudice of the inhabitants of the county, to change the venue again. The change was accordingly ordered to Clarke county. To this order plaintiff excepted and appealed therefrom.

*J. S. Warner* for the appellant.

*Withrow & Wright* for the appellee.

BECK, J.—The record fails to show upon what the order for the change of venue complained of was based. Sundry affidavits appear in the record, but it is not disclosed by bill of exceptions or otherwise, whether the order was made upon them alone, or whether other matters were brought to the attention of the court, and upon which its action was based in the premises.

In this state of the record, we must presume in favor of the correctness of the action of the District Court. See *Pheny* v. *Metcalf*, 26 Iowa, 597. It is insisted by plaintiff that the change of venue was improperly allowed, because the parties, when the change of venue was ordered from Lucas county, verbally agreed that the cause should be tried in Decatur county, and affidavits in support and denial of such fact appear in the record. But it is not disclosed that all the proof upon that subject, made to

the District Court, is before us. We can not, therefore, review the action of the court upon the question so raised, if it be admitted to be a proper matter of review, and are required to presume that the District Court ruled correctly.

Affirmed.