3 158
36 537

3 158
34 35

3 158
38 454

3 158
39 264

3 158
41 600

TERRITORY OF MONTANA, respondent, v. McANDREWS, appellant.

CASE AFFIRMED. The case of *Territory* v. *Stears*, 2 Mon. 325, as to sufficiency of indictment, affirmed.

APPEALS. Only such objections will be considered by the appellate court as were raised in the court below.

MURDER — *proof of premeditation*. Under the statutes of Montana it is not necessary to allege or prove premeditation when the facts show that the murder was committed for purposes of robbery.

INSTRUCTIONS TO JURY. The instructions given by the court should be based upon the facts appearing in evidence. Alleged errors in giving or refusing instructions will only be considered by the appellate court when evidence showing their applicability is properly embraced in the record.

EVIDENCE — *reasonable doubt — moral certainty — burden of proof*. Instructions on this subject given in the case of *Com.* v. *Webster*, 5 Cush. 320, considered and approved.

It is not error to refuse an instruction already given in substance.

Under the statutes of Montana, after the fact of killing is proved, the burden of proof is upon the accused to show circumstances of mitigation or justification.

### *Appeal from First District, Jefferson County.*

THIS case was tried in the court below, before BLAKE, J.

E. W. TOOLE, and SHARP & NAPTON, for appellants.

1. The indictment does not charge facts sufficient to warrant a conviction of murder in the first degree, under our statute. 10 Ohio St. 459, 598. See *Rex* v. *Philips*, 6 East, 454; 8 Ohio St. 109, 124, and authorities cited; id. 307; 24 Wend. 518 *et seq.*

2. The court did not properly instruct the jury upon the subject of murder in the first and second degrees. See *People* v. *White*, 24 Wend. 518; *State* v. *Evans*, Mo. (1876); *State* v. *Turner*, 20 Wright (Ohio), 12, 53; *Commonwealth* v. *Dunn*, 8 P. F. Smith (Pa.), 9.

3. The instructions as to inferences of malice, intent, etc., from the killing, were inapplicable in this case. See *May* v. *Commonwealth*, 79 Penn. 316; 1 Greenl. Ev. 48; 6 Cush. (Mass.) 364; 5 id. 305; 13 Pick. 69–76; 38 Iowa, 59; 3 Gray, 463,

465–6; 3 Kans. 468; 2 Bish. on Crim. Pro., § 605; Whart. on Homicide (2d ed.), §§ 664–669; 5 Cent. Law Jour., No. 1, p. 12; 37 N. Y. 421–2.

4. The court should not have withdrawn, from the consideration of the jury, the offense of manslaughter, which was, like murder in the second degree, included in the indictment. In this, injury is presumed.

5. The court's instructions upon the subject of reasonable doubt were not as favorable to the defense as they should have been. 11 Nev. 343, 424, and authorities cited; 41 Tex. 561; 2 Metc. (Ky.) 33; 10 Minn. 416; 18 id. 208; *U. S.* v. *Babcock*, Dil. Cir. Court Rep.

6. Defendant's instructions were good law and should have been given. See 1 Nev. 31.

7. The court erred, after finding that a good cause for continuance was shown, in requiring defendant to go to trial upon admissions made by the prosecution. He was entitled to his continuance or testimony of his witness. *People* v. *Diaz*, 6 Cal. 249; 4 id. 198; 7 Cow. 383; 14 Johns. 341; 9 Ind. 340; 8 id. 114.

8. Injury is always to be presumed where error is shown. 38 Cal. 278; 42 id. 407.

SAMUEL WORD and J. G. SPRATT, district attorney, First District, for respondent.

The indictment in this case is good and the facts charged therein fully warrant the conviction of murder in the first degree. See *Territory* v. *Stears*, 2 Mon. 324; Cod. Sts. 273–4, §§ 18, 21; 39 Cal. 52; 34 id. 191.

The court has sufficiently instructed the jury in relation to murder in the first and second degrees. See transcript; instructions of court; Cod. Sts. 273, § 21.

In this case no exceptions have been served by defendant to the instructions of the court, in relation to murder in first and second degrees. See transcript; exceptions of defendant.

The instructions of the court upon the subject of malice, and inferences of malice, are not erroneous.

In the case at bar there was no evidence of facts or circumstances such as would, under the law, reduce the crime charged

to manslaughter, and there was no error in the court's omitting to charge the jury upon the subject of manslaughter. See 24 Cal. 17 ; 27 id. 507, 514; 6 id. 214 ; 30 id. 206.

In such case, where from the evidence the offense could not be reduced to manslaughter, any instructions given by the court in relation to manslaughter would be improper and calculated to mislead the jury. In this case no such instructions were asked by defendant and no exception taken for want of same.

The law as to reasonable doubt is correctly given by court below. See *Com.* v. *Costley*, 118 Mass. 24, 25 ; *Com.* v. *Webster*, 5 Cush. 295; *Com.* v. *Goodwin*, 14 Gray, 55 ; *Com.* v. *Tuttle*, 12 Cush. 502 ; *Com.* v. *Harman*, 4 Penn. St. 269, 274 ; *People* v. *Strong*, 30 Cal. 151.

The instructions as to reasonable doubt asked for by defendant do not differ in substance from instructions given by the court. See instructions; transcript.

It is no error or ground of exception that the court has refused to give instruction in language or form asked by defendant, if the substance of the instruction asked is given by court in other language. 118 Mass. 25, and authorities there cited ; also see 30 Cal. 448.

The court committed no error in refusing a change of venue. Cod. Sts. 223, § 225 ; 44 Cal. 93.

Granting a continuance is discretionary with court. No error of court below in this particular. See statute; *Territory* v. *Perkins*, 2 Mon. 467.

The facts set up in affidavit of continuance, being admitted by the prosecution, the cause of continuance was removed. No injury has occurred to the defendant, for none of the facts thus set out and admitted under the statute are inconsistent with the guilt of defendant.

No error being shown by defendant, no injury to him is presumed.

WADE, C. J. This is an indictment for murder. The defendant, at the October term, 1877, of the Jefferson county district court, was tried and convicted of the crime of murder in the first degree, and sentenced to be hanged on the 25th of the present

month.    There was a motion for a new trial which was overruled, and an appeal to this court.

1. The first assignment of error is, that the indictment is insufficient for that it does not properly charge the purpose and intent of the defendant in the commission of the alleged crime. The words used in the charging part of the indictment are the same as those in the indictment in the case of *The Territory* v. *Stears*, 2 Mon. 325, and as we are satisfied with our decision therein, reference is had thereto for the reasons that cause us now to uphold this indictment.

2. The effect of the next objection is, that as there was no testimony showing deliberation, premeditation and intention upon the part of the defendant to kill the deceased, therefore the court should have instructed the jury that at the utmost the defendant could have been convicted only of murder in the second degree. This objection cannot be raised here for the first time. It was not raised in the court below; there was no motion to set aside the judgment because the evidence did not support the verdict, and consequently the transcript does not contain all the evidence in the case. Even if we could now properly consider the verdict in relation to the evidence, sufficient testimony has been preserved in the record to strongly show that this murder was committed for the purpose of robbery, and in such a case, under our statute, it is not necessary to prove deliberation and premeditation.

3. The next question presented is, that as the defendant, under this indictment, might have been convicted of the crime of manslaughter, the court erred in withdrawing that crime from the consideration of the jury, and instructing that the defendant must either be convicted of murder in the first degree, murder in the second degree, or acquitted.

There is no evidence preserved in the record, tending in any manner to show that an instruction upon the subject of manslaughter would have been in any way applicable to the case. Here, again, the defendant was charged with the duty of having preserved in the record, testimony; if any such there was, showing that an instruction upon the subject of manslaughter would have been appropriate, before he can predicate error upon the refusal

to give such an instruction.    Even if an instruction of this kind ought to have been given under the testimony, the defendant could not have been injured or prejudiced by its refusal, when from the testimony the jury found him guilty of murder in the first degree.    Erroneous instructions, shown by the record not to be prejudicial, are not grounds for reversal.    *Crocket* v. *State*, 18 Ohio St. 9.

The instructions to the jury must be applicable to the case; they must contain no abstract propositions of law outside of and wholly disconnected with the proof.    A party cannot suggest an imaginary state of facts and then demand of the court to instruct the jury as to the law arising upon such imaginings, but the law as given by the court must naturally arise from, and be called forth by, the facts as they exist in the evidence.    The action of the court below in giving or refusing instructions will not be reviewed unless the evidence, or sufficient of it, to show their applicability is properly embraced in the record.    The authorities are numerous to support these propositions.    See *State* v. *Millain*, 3 Nev. 410; *State* v. *Smith*, 10 id. 124; *People* v. *Turley*, 50 Cal. 470; *Hall* v. *Hunter*, 4 Green, 539; *Reid* v. *Mason*, 14 Iowa, 541; *State* v. *Hamilton*, 32 id. 272; *Myer* v. *Farish*, 11 B. Monr. 41; *McKinley* v. *Kenny*, 1 Mar. 460; *M. & C. R. R. Co.* v. *Picksley*, 24 Ohio St. 654.

4. The next objection, and the one to which greater weight attaches, is that the court erred in giving a certain instruction upon the subject of reasonable doubt, and in refusing one upon the same subject offered by the defendant.    The instruction given, which was taken from the case of *Com.* v. *Costley*, 118 Mass. 1, and the case of *Com.* v. *Webster*, 5 Cush. 320, is as follows:    "A reasonable doubt is not such a doubt as any man may start by questioning for the sake of a doubt; nor a doubt suggested or surmised without foundation in the facts or testimony. It is such a doubt only as, in a fair, reasonable effort to reach a conclusion upon the evidence, using the mind in the same manner as in other matters of importance, prevents the jury from coming to a conclusion in which their minds rest satisfied.    If so using the mind and considering all the evidence produced, it

leads.to a conclusion which satisfies the judgment and leaves upon the mind a settled conviction of the truth of the fact, it is the duty of the jury so to declare the fact by their verdict. It is possible always to question any conclusion derived from testimony, but such questioning is not what is a reasonable doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge."

The instruction offered upon behalf of the defendant, which was taken from the case of *The United States* v. *Babcock* (newspaper report), and refused by the court, is as follows: "The burden of proof is upon the prosecution in this case; it does not shift in criminal cases, but is upon the prosecution throughout, to establish the defendant's guilt by the evidence beyond a reasonable doubt, and it is the true policy of the law, rather than have an innocent man punished, that many criminals escape. You are not to find that the defendant is properly suspected, or that he is probably guilty, or that there is a preponderance of evidence against him, but before you bring in a verdict of guilty you must find, as a matter of fact, beyond all reasonable doubt, that the defendant committed the offense, and he only. It is always safer to err in acquitting than in convicting. The law clothes the defendant with the presumption of innocence which attends and protects him until it is overcome by testimony which proves his guilt beyond a reasonable doubt, which means that the evidence of his guilt must be clear, positive and abiding, fully satisfying the mind and conscience of the jury. It is not sufficient in criminal cases to justify a verdict of guilty that there may be strong suspicions or very strong probabilities of guilt, nor as in civil cases, a preponderance of evidence in favor of the truth of the charge against the defendant; but what the law requires is proof by legal and credible evidence of such a nature that when it is all considered by the jury, giving to it its natural effect, they feel, when they have weighed and considered it all, a clear, undoubting and entirely satisfactory conviction of the defendant's guilt. If thus proved the jury should convict, but if not, they should acquit."

No question is made in the arguments or in the briefs but what the instructions as given by the court sufficiently and properly informed the jury as to the burden of proof, and as to the presumption of innocence that always attends and protects a defendant, and we are called upon to determine whether the instruction as given contains a proper exposition of the law upon the subject of reasonable doubt, and whether the instruction offered by the defendant and refused by the court contained any thing in addition to the one given, that ought to have been given.

It is not error to refuse to give instructions asked for, however correct or applicable, if they have in substance already been given in the charge of the court. *Raven* v. *Webster*, 3 Iowa, 509; *State* v. *Hockenberry*, 11 id. 269; *State* v. *Sheeley*, 15 id. 404; *State* v. *Schlegal*, 19 id. 169; *State* v. *Stanley*, 33 id. 526; *Fitzgerald* v. *Jeralamon*, 10 Ind. 338; *Mussulman* v. *Pratt*, 44 id. 126; *Mayn* v. *Farish*, 11 B. Monr. 41; *Stewart* v. *State*, 1 Ohio St. 66; *Bend* v. *State*, 23 id. 349.

It was urged upon behalf of the defendant that the instruction as given reduced the standard of certainty required below what the law demands. In other words, that to authorize the jury to find the defendant guilty when so satisfied and certain of his guilt from the evidence as they would be satisfied and certain of the existence of any given fact, when judging of other matters of importance; whereas the law requires that degree of certainty, exercised and demanded when judging of matters of the very highest concern and the greatest importance. And the case of *State* v. *Rover*, 11 Nev. 343, and the authorities therein cited, and other authorities were relied on to show that the instruction as given was inherently defective in that it reduced the standard of certainty and degraded the character of evidence required. An analysis of the instruction will conclusively show that the claim of the defendant is not well founded, and will further demonstrate that the degree of certainty demanded and required in the instruction as given was of a higher grade, and of a more exalted character than is contained in the instruction offered and refused. The instruction as given by the court required the jury to make

a fair and reasonable effort to reach a conclusion from the evidence, and in making such effort to use their minds and judgments in the same manner as in matters of importance, and when so using the mind, when so judging of the facts before them, when thus careful of the conclusions to which they arrived, when their judgments were so satisfied as to their conclusions, then that they should go forward step by step, using their minds and judging of the facts as they would judge of other matters of importance, until they reached that abiding conviction known as a moral certainty of the truth of the charge, which is the very highest grade of certainty that human testimony can produce.

The phrase, "matters of importance," used in the instruction, does not refer to the degree of certainty that should characterize the truth of the charge contained in the indictment; but it does characterize the mode and manner in which the jurors should use their minds when reasoning upon, and judging of the facts while working their way through the testimony, and moving forward to the abiding conviction of moral certainty. What is meant by the phrase, "moral certainty"? In order to arrive at the true force and meaning of this instruction we must clearly understand the import of these words. Mr. Burrill, in his work on "Circumstantial Evidence," p. 199, says: "Moral certainty may be said to bear the same relation to matters relating to human conduct, that absolute certainty does to mathematical subjects. It is a state of impression produced by facts in which a reasonable mind feels a sort of coercion or necessity to act in accordance with it. The conclusion presented being one which cannot, morally speaking, be avoided consistently with adherence to truth."

The same author further says, p. 200: "It will be seen that in some of the definitions given, the nature of moral certainty has been explained by referring to common experience — the experience and action of any and every man of sound mind. And the test of its force in this point of view is a very practical one. It is not only what man in general will unhesitatingly *believe* to be true, but what they will be willing and ready to *act* upon. To practical men such as jurors usually are, this undoubtedly is the most

satisfactory mode of explanation, carrying a more vivid idea of the nature of the certainty in question than any formal definition in abstract terms, however carefully conceived and expressed. But to be thoroughly impressive it should be carried one step further.    *    *    *    Is the juror so convinced by the evidence of the truth of the fact sought to be · proved, that he himself would venture to act upon such conviction in matters of the highest concern and importance to his own interests?    If this be so, he may declare himself morally certain.''    See, also, Starkie on Ev. 574.

And so the jurors were told by this instruction, that before they could find the defendant guilty, they must be so convinced of his guilt, from the evidence, that they themselves would venture to *act* upon such conviction in matters of the highest concern and greatest importance to their own interests.    Greater certainty than this could hardly be conceived.   The caution to the jury contained in the instruction refused, that it is better that many criminals escape than that one innocent man be punished, and that it is always safer to err in acquitting than in convicting, while calculated to put jurors on their guard, and to make them careful in their conclusions, does not approach the standard of moral certainty which requires them to act from the coercion of necessity, or to be guilty of perjury.    The instruction refused, while it requires proof by legal and credible evidence of such a nature as to produce a clear, undoubting and· entirely satisfactory conviction of the defendant's guilt, and is good law in this regard, yet it does not so clearly define the power of the conviction to be produced upon the minds of the jurors as does the instruction that was given to the jury.    But the main objection to the refused instruction is found in this declaration :

"The burden of proof is upon the prosecution in this case ; it does not shift in criminal cases, but is upon the prosecution throughout."    This proposition is not correct under our statute. The statute provides that, the killing being proved, the burden of proving circumstances of mitigation or that justify or excuse the homicide will devolve upon the accused, unless the proof on the part of the prosecution sufficiently manifests that the crime

committed only amounts to manslaughter, or that the accused was justified or excused in committing the homicide. And as the implication of malice arises in every case of intentional homicide, the fact of such homicide being proved, the burden then shifts to the defendant to reduce the grade of the crime or to show justification. It follows, therefore, that the instruction refused contained a false proposition of law under our statute, and for this reason alone the court was justified in refusing the same, though the balance of the instruction was correct.

The court also charged the jury upon the subject of circumstantial evidence, among other things : " That each fact necessary to the conclusion must be distinctly and independently proved by competent evidence beyond a reasonable doubt. All the facts must be consistent with each other, and with the main fact sought to be proved, and the circumstances taken together must be of a conclusive nature, and leading, on the whole, to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged   And when a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other rational conclusion."

The defendant asked the court to give the following instruction : " If the evidence in this case can be reconciled either with the theory of innocence or guilt, the law requires the jury to give the prisoner the benefit of the doubt, and to acquit." This instruction does not add any force, nor a single idea, to those given by the court, and the court is not called upon to repeat instructions already given in substance.

We have carefully examined the whole case and can find no error therein. The judgment is therefore affirmed.

*Judgment affirmed.*