TOOTLE, LIVINGSTON & CO. v. THE PHŒNIX INS. CO.

1. **Bill of Exceptions:** SKELETON: IDENTIFICATION OF EVIDENCE. In a skeleton bill of exceptions, it is necessary for the judge to identify the evidence in such manner that a mistake of the clerk in relation thereto can readily be corrected, and evidence not so identified will be stricken out in this court upon motion.

2. **Practice:** DEMURRER WAIVED BY ANSWER. Any error in the overruling of a demurrer to a petition is waived by the filing of an answer.

*Appeal from Woodbury Circuit Court.*

MONDAY, DECEMBER 10.

ACTION on a policy of insurance against loss by fire. Trial by jury; verdict and judgment for plaintiff; and defendant appeals.

*E. E. Lewis,* for appellant.

*Joy & Wright,* for appellee.

SEEVERS, J.—There was submitted with the case a motion to strike out the evidence, because the same is not properly identified and preserved by a bill of exceptions.

In an amended abstract, to which there is no denial, the bill of exceptions is set out in full. It is recited therein that "the plaintiffs, to maintain the issue upon their part, introduced the following evidence, objections to which, and the rulings of the court thereon, and the exceptions of the defendant then and there, are noted in the following record in said evidence: (here follows plaintiff's evidence.) And the defendant, to maintain the issues on its part, introduced the following evidence, the rulings of the court, and the exceptions of the plaintiffs and the defendant then and there made and appearing in the course of such evidence." (Here follows defendant's evidence.) The bill of exceptions is a

skeleton bill. The evidence was not, at the time the bill was signed, set out therein, and it is only referred to and identified in the manner above stated. Clearly, we think, the evidence is not sufficiently identified. In fact, it is not identified in any manner whatever. No directions are given the clerk as to what evidence shall be inserted in the bill and set out in the transcript. It leaves the clerk at his will and pleasure to insert whatever he may see proper. The clerk does not have any such power, but the trial judge must, in some sufficient manner, identify the evidence, so that a mistake of the clerk in relation thereto can be readily corrected. But it is useless to discuss the question under consideration, because it has been determined adversely to the appellants in *Hill et al. v. Holloway,* 52 Iowa, 678; *Wells v. B., C. R. & N. R. Co.,* 56 Id., 520.

Following these cases, the motion to strike out the evidence must be sustained. This being done, there is nothing left in the record but the pleadings, instructions, and, possibly, sufficient exceptions to the latter.

II. The defendant demurred to the petition, and the demurrer was overruled. This action of the court is assigned as error, but the defendant waived the error, if it was one, by answering the petition. As the evidence is not before us, we cannot say that the instructions, conceding that they were properly excepted to, are erroneous; and this is true as to the instructions refused. *Reed v. Mason,* 14 Iowa, 541; *Shephard v. Brenton,* 20 Id., 41.

AFFIRMED.