Cook et al. v. Merritt.

1. Reading Pleadings to Jury.— Where the issue is clearly defined and thoroughly understood at the trial, a party is not entitled to read to the jury extracts from the pleadings, on the ground that his opponent, by failing to deny, admits a material allegation, which admission affects his credibility as a witness on his own behalf. The construction of such pleadings is for the court.

2. Personal Liability of Officers of Corporation.— In an action to enforce a personal liability against the directors of a corporation, upon a note made by it, on the ground of their failure to record certificates of the amount of capital stock and the proportion paid in as required by statute, in which defendants set up an agreement whereby plaintiff, in consideration of a certain bill of sale, and the assignment of certain leases, released them from personal liability, an instruction that, unless the jury found that such an agreement was made, defendants were liable, because of their failure to file the certificates, was proper.

*Appeal from District Court of Arapahoe County.*

Mr. E. P. Harman, for appellants.

Mr. Isaac E. Barnum, for appellee.

Richmond, C.    Elmer W. Merritt, plaintiff below and appellee herein, instituted his action in the county court to recover of the defendants the sum of $595, alleging in his complaint that John Cook, Jr., W. H. Conley and B. F. Bush, on the 1st day of January, 1885, became the directors of a corporation organized under the laws of the state of Colorado, known as the "Denver Rink & Land Company," and so remained and continued directors until the 1st day of January, 1886; that on the 7th day of May, 1885, the corporation borrowed the sum of $1,000 of the plaintiff, for which it executed its promissory note; that on the 9th of November, 1885, the corporation desired to continue the loan aforesaid, increasing the amount to the sum of $1,300, which was done, and a promissory note executed therefor. A portion of this sum was paid, leaving a balance due to him from the corporation of $595, which sum he seeks to

recover from the defendants, appellants herein, as directors of said company, alleging that the president and directors or trustees of said corporation had not recorded in the office of the secretary of state, or in the office of the recorder of deeds, in the county wherein the business of said company was carried on, any certificate stating the amount of capital of the company fixed and paid in; and, further, that the corporation did not within sixty days from the 1st day of January, 1885, or at any other time before or since, file or record in the office of the recorder of deeds, in said county of Arapahoe, that being the county wherein the business of said company was carried on, any report stating or showing the amount of capital of said company, or the proportion or amount of said capital stock that was paid in.

Defendants answered by a general denial of all the allegations in the complaint, and for a third defense allege that, at the time of the giving of the note for the sum of $1,300, the Denver Rink & Land Company executed to the plaintiff a bill of sale of certain personal property, and that plaintiff at that time entered into a contract with the corporation through its officers to the effect that the company was to assign in writing to the plaintiff certain leases owned by said company, and that, in consideration of the written assignment of the leases by the company to plaintiff, plaintiff obligated himself to the company and the defendants Cook and Conley not to hold defendants or either of them liable as individuals, or in their official capacity as officers, directors and trustees of the company, and to look only and solely to the company for the payment of the note of $1,300 and interest, and whatever rents he might have to pay for said company; that, in accordance with this contract, the company assigned in writing said leases to plaintiff.

To this answer plaintiff replies, denying that he entered into any such contract or agreement.

It is apparent from the pleadings, as well as from the testimony included in the record filed in this court, that the issue between the parties plaintiff and defendant was whether

or not at the time of the execution of the last note plaintiff agreed to relieve defendants Cook and Conley of any responsibility individually, or as directors and officers of the company, for the payment of the sum due him. It is also apparent from the record that the various certificates referred to in the complaint, and required by the statute to be filed, were not filed, and that on account of the failure to file the certificates the defendants, as officers and directors, became under the law responsible to plaintiff, unless the plaintiff had agreed as set up in the third defense.

The cause was tried in the county court, resulting in a verdict for the plaintiff, whereupon it was appealed to the district court, and there tried to a jury, resulting in a verdict for plaintiff in the sum of $523. To reverse this judgment appellants prosecute this appeal.

In support of their contention it is claimed that the court erred in refusing defendants' counsel the right to read to the jury defendants' third defense and plaintiff's replication thereto, and that the court erred in its instruction to the jury, and in refusing to give instructions asked for by the defendants. The object, as averred in the argument of appellants' counsel, of reading the pleadings referred to to the jury, was to show that the replication did not deny all the allegations of the third defense; that, as a matter of fact, it admitted a very material allegation, which admission he claims goes to the credit of the plaintiff as a witness. This being the case, he insists the jury should have had the benefit of the admission.

Pleadings are presumed to be statements, in legal form, of those facts constituting the charge or defense of the parties by means of which issues between the parties to be tried are defined, and are necessary to inform the court what issues are raised, and which are proper for trial in the case.

It is not the province of the jury to construe and determine the effect of the pleadings.

In section 260, 1 Thomp. Trials, the author uses the fol-

lowing language: "It should be kept in mind that matters concerning the pleadings are ordinarily addressed to the judge, whose duty it is to state the issues to the jury when he comes to deliver to them his instructions, and that comments on the pleadings to the jury are in general out of place, and sometimes unprofessional." In *Tevis v. Hicks*, 41 Cal. 123, it was held that "the question as to what facts are admitted by the pleadings is one for the court, and not for the jury, and the court should not submit such a question to the jury."

In *Missouri Coal & Oil Co. v. Hannibal & St. J. R. Co.* 35 Mo. 85, it was held that "an instruction by the court that all allegations and petitions not specifically denied in the answer are to be taken as true is erroneous. The issues should be specifically stated by the court." 1 Thomp. Trials, § 1027; *Potter v. Wooster*, 10 Iowa, 334.

It is not necessary for us to go so far as to say that under no circumstances may counsel be permitted to discuss or read to the jury the pleadings in a case, or extracts therefrom; but, in the case at bar, the issue was one clearly defined, thoroughly understood by court, counsel and jury, and counsel sought to bring to the attention of the jury the fact that certain allegations of the defendants were admitted by failure to deny on the part of the plaintiff. That question certainly was not for the jury. It was for the court to determine, and it was the duty of counsel to call the court's attention to his position, and ask instructions.

In refusing this permission to counsel we see no error. The instructions asked for by the defendants and refused by the court, we think, were fully covered by the instruction given to the jury. The court instructed the jury as to the nature of the contract, and particularly enforced upon its attention the fact that if plaintiff had agreed with the defendants, Cook and Conley, by reason of the assignment of the leases, and the execution of the bill of sale, to relieve them of responsibility for the indebtedness of the company as directors and officers of the company, they should find

for the defendants; but if, on the contrary, such a contract was not entered into, that, by reason of the failure of defendants as officers and directors of the corporation to file the certificates provided for by law, they became responsible to the plaintiff to the amount of his claim against the company.

It is unnecessary for us to set forth the instructions asked and refused. Suffice it to say that a careful examination of the record warrants us in asserting that the issues between the parties plaintiff and defendant were thoroughly understood and fairly tried. There is evidence to support the verdict, and the instructions of the court were sufficiently full and explicit upon the issues.

We see no error, and therefore are of the opinion that the judgment should be affirmed.

BISSELL and REED, CC., concurring.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*