*345 MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
Court’s instruction No. 6, defining reasonable doubt, now disapproved by the majority, was, in substance, formulated by Chief Justice Shaw of the Supreme Court of Massachusetts in the case of Commonwealth v. Webster (1850), 5 Cush. 295, 52 Am.Dec. 711.
The pertinent language of instruction No. 6, now found to be offensive, was set forth word for word, and approved, in Territory of Montana v. McAndrews (1878), 3 Mont. 158.
In the case of State v. DeLea (1908), 36 Mont. 531, 93 P. 814, the appellant made precisely the same attack used by appellant here on the same language and this Court affirmed the use of the instruction with the following comment:
“[A doubt] always does, and of necessity must, arise from a want of evidence, by which we mean a want of sufficient evidence; for in every criminal case where there is a plea of not guilty, if the state does not introduce any evidence, the question of a reasonable doubt never arises; for there is not a court in the land but what under those circumstances would peremptorily direct a verdict of not guilty. But, if the state does offer evidence sufficient in the judgment of the trial court to go to the jury, then the jurors under their oaths must consider such evidence, and such evidence alone, in determining whether the safeguard erected by the presumption of innocence has been completely destroyed. It is completely destroyed when, and only when, the jurors can say from the evidence introduced that they feel an abiding conviction to a moral certainty of the truth of the charge against the accused. If the evidence leads to a conclusion which satisfies the judgment of the jurors, and leaves upon their minds a settled conviction of the truth of the charge, it is then their duty to so declare by their verdict. But in every such contested case their consideration is directed to the evidence introduced, and from that evidence they must say whether they still retain a reasonable doubt *346 of the guilt of the accused. It is in this sense that it is said that a reasonable doubt is not a doubt suggested or surmised without foundation in facts or testimony. In other words, the jurors may not predicate a doubt upon street rumor, or facts not in evidence, nor upon theories outside of the record, which may be suggested by the ingenuity of counsel, or upon a merciful inclination to permit the accused to escape, prompted by sympathy for him in his apparently unequal contest with the state.” 36 Mont, at 540, 93 P. 814.
I would affirm the trial court on the authority of State v. DeLea, supra, but as a second basis for affirmance, I note that the appellant failed to offer an alternative instruction on “reasonable doubt.” In State v. Schleining (1965), 146 Mont. 1,13, 403 P.2d 625, 632, this court stated:
“[I]t is well-settled in this state that if a party is not satisfied with an instruction or instructions proposed to be given, he must submit an instruction which more fully covers the particular matter, or he cannot be heard to complain, unless the instruction given is inherently wrong.” (Citations omitted.)
The fact that instruction No. 6 has been relied upon by the trial courts of this state for seventy-six years since the same attack was heard and rejected by this Court, leads me to believe that the instruction as given was not “inherently wrong,” and, therefore the appellant should be precluded from alleging prejudicial error where he failed to offer an alternative instruction.
Regarding the effect of instruction No. 6, it is my view that if the jury, after reading all the instructions together, and considering all the evidence, determined that the State had failed to produce enough evidence to meet its burden, they would have concluded that there was a reasonable doubt as to defendant’s guilt, and would have returned a verdict of “not guilty.”
It seems clear that the jury was not misled into believing that somehow the burden of proof shifted from the State to *347 the defendant, and the instructions certainly did not take from the jury the concept that a lack of evidence could give rise to a reasonable doubt.
I would affirm.