TERRITORY OF MONTANA, respondent, *v.* STEARS, appellant.

CRIMINAL LAW — *murder — degrees — indictment.* The statutes of Montana (Cod. Sts. 273, § 21) make murder to consist of two degrees. The killing of a human being with malice aforethought, by means of poison, lying-in wait, torture, or other willful, deliberate or premeditated means, or in the perpetration or the attempt to perpetrate arson, rape, robbery or burglary, is murder of the *first* degree. All other cases of killing with malice aforethought, express or implied, are murder of the *second* degree. The form of the indictment may be the same in both cases, and the *degree* of the offense is to be determined by the evidence of deliberation, premeditation, torture, etc.

SAME — *verdict.* The verdict of the jury alone, without reference to the indictment, judge's charge, or record of the evidence, must designate and express the degree of the offense, as well as the guilt. It is not enough to find one guilty as charged in the indictment, though the indictment may clearly charge the offense in the *first* degree. The jury alone must find the degree of the offense from the evidence, and designate it in their verdict. A failure to do so vitiates the verdict, and nullifies any judgment based thereon.

*Appeal from Third District, Lewis and Clarke County.*

STEARS was indicted at the March term, 1875, with Wheatley and another party, for the murder of Franz Warl. Wheatley and Stears were convicted, and Wheatley was hung June 29, 1875. Stears was again convicted at his second trial, and suffered death at the hands of the law.

J. J. WILLIAMS, for appellant.

J. K. TOOLE, District Attorney, Third District, for respondent·

WADE, C. J.   The indictment in this case charges that the defendant, William H. Stears, on the 30th day of April, 1875, at the county of Lewis and Clarke, and Territory of Montana, "with force and arms, in and upon one Franz Warl, did make an assault, feloniously, willfully, and of his deliberate and premedi-·tated malice, and of his malice aforethought, and that the said William H. Stears, with a certain leaden slung-shot, with which he, the said William H. Stears, was then and there armed, the said Franz Warl, in and upon the side and back of the head of the said Franz Warl, then and there feloniously, willfully, and of his deliberate and premeditated malice, and of his malice afore-thought, did strike and bruise, giving to the said Franz Warl, then and there, with the leaden slung-shot aforesaid, in and upon the said back and side of the head of the said Franz Warl, one mortal wound, of which said mortal wound the said Franz Warl then and there instantly died.   And so the jurors aforesaid, upon their oaths aforesaid, do say that the said William H. Stears the said Franz Warl then and there, in manner and form aforesaid, feloni-ously, willfully, and of his deliberate and premeditated malice, and of his malice aforethought, did kill and murder, contrary," etc.

Upon this indictment the defendant was tried, and the jury returned the following verdict :   " We, the jury, find the defend-ant guilty, in manner and form as he stands charged in the indict-ment."

Judgment was entered upon the verdict without objection, and the defendant sentenced to be hanged by the neck until dead.

There were no exceptions taken at the trial, no motion for a

new trial or in arrest of judgment. The defendant, within three days of the time fixed for his execution, appeals to this court, and the question raised in the argument relates to the sufficiency of the verdict to support the judgment. The judgment rendered and sentence given were as upon a verdict of murder in the first degree. Does the verdict authorize the judgment and sentence?

Juries have been instructed in several murder cases in this Territory, that if they found the defendant guilty of murder in the first degree, to return such a verdict as was rendered in this case, and if the precedent is wrong, it cannot be corrected too soon.

1. The statute of the Territory requires that the jury before whom any person is indicted for murder shall be tried, shall, if they find such person guilty thereof, designate by their verdict whether it be murder in the first degree or second degree. An analysis of the elements that compose the crime of murder in the first and second degree will show the reason of this requirement.

Under our statute murder is defined to be " the unlawful killing of a human being, with malice aforethought, either express or implied." Murder thus defined is divided into two degrees — the first degree and the second degree — but whether of the first or second degree, the killing must be unlawful, and attended with malice aforethought, either express or implied. Murder in the first degree is defined to be: " All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary." All other kinds of murder are declared to be murder in the second degree. If the killing was occasioned in the absence of deliberation and premeditation, but accompanied with malice aforethought, either express or implied, and not in the perpetration or attempt to perpetrate either of the crimes above named, or by lying in wait, torture, or poison, the same would be murder in the second degree.

Murder at common law is thus defined: " When a person of sound memory or discretion unlawfully killeth any reasonable creature in being and under the king's peace, with malice aforethought, either express or implied."

This is, in legal effect, the same as the general definition of

murder, under our statute, and having adopted the common-law description of the crime, it follows that an indictment for murder, good at common law, is good under the statute.

An indictment for murder at common law charged that the defendant " feloniously, willfully, and of his malice aforethought," did the act that caused the killing ; and under such an indictment the defendant could be convicted of murder in the first or second degree.

Before a conviction of murder in the first degree could be had at common law, it was necessary, precisely as it is under our statute, that the element of settled *deliberation, premeditation, purpose* and *design* enter into the crime; that the murder should have been perpetrated by some kind of *deliberate* and *premeditated* killing, or by lying in wait, torture, poison, or in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary, in which cases deliberation and premeditation were presumed; and before a conviction could be had of murder in the second degree it was necessary, as it is under our statute, to work out a conviction of murder in the second degree, that the murder be committed unlawfully and with malice aforethought, lacking the element of deliberation, which swells the killing to murder in the first degree ; and a conviction for either of these degrees, as well for the first degree, the distinctive element of which is settled deliberation and premeditation, as the second degree, which lacks this element and is complete without it, could be had under an indictment charging the murder to have been committed *feloniously, willfully and with malice aforethought.*

Under an indictment charging the defendant with what constitutes murder in the second degree, and with that alone, a conviction could be had for murder in the first degree. If the defendant was charged with dealing a deadly blow, *feloniously, willfully and of his malice aforethought,* that produced death, which charge would amount to murder in the second degree, it might be shown under such indictment that the blow was given with a *deliberate* and *premeditated* design to kill, or that it was given while robbing or attempting to rob, etc., and death ensued, in which case the killing would be murder in the first degree, and a conviction could be had therefor. It need not appear on the face

of the indictment of what degree the murder was, because murder being charged the jury are, by their verdict, to ascertain the degree thereof. The crime of murder under the statute being charged, and the means by which it was accomplished being set forth, the proof may show the aggravating circumstances of premeditation and deliberation, or that the killing was effected in the commission, or in the attempt to commit, either of the four crimes above stated, by which the murder is swelled into that of the first degree, when that which amounts to the second degree is only charged, and hence the propriety of requiring the jury, in their verdict, to designate the degree.

This indictment against Stears will furnish an illustration. Read the charge against him and leave out the words "of his deliberate and premeditated malice," where they occur, which swells the charge to murder in the first degree, and the indictment would be good at common law and under our statute for murder, the elements of the crime being the same in both cases, and under it Stears might have been convicted of murder in the first degree. Under it it could have been shown that this blow with the slungshot was given while robbing or attempting to rob Warl, or that it was given with a settled, premeditated design to kill him. In the absence of this proof, and with proof only of malice aforethought, either express or implied, the killing would have been murder in the second degree, but with such proof upon this charge the crime would have been augmented to that of murder in the first degree, and hence the necessity of the requirement that the jury designate the degree in their verdict.

In an indictment clearly and definitely charging the crime of murder under the statute, the averment of the words that swell the crime to that of murder in the first degree are mere surplusage, unnecessary, and need not be set forth. The degree of the crime is fixed by the proof, and the jury are to find it as a fact. The legislature, in adopting this statute, and enacting the common law upon the subject of murder, did not disturb any of the precedents of the common law. The decisions under the common law, upon the subject of murder, limit and control the effect of our statute on the same subject.

2. The jury should, in their verdict, designate the degree of

the crime upon a trial for murder, for the statute requires it, and this requirement cannot be dispensed with. What the jury mean by their verdict may not be doubtful, but no judgment can be entered thereon if this certainty is not apparent in the verdict. The statute says the jury shall "designate" in their verdict the degree of the crime. The word "designate" gives no license to go outside of the verdict to ascertain what is designated. It is the same as declaring that the jury shall express in language in their verdict the degree.

For another reason the verdict is rendered uncertain and insufficient. Under an indictment charging the defendant with murder in the first degree, a conviction can be had for murder in the second degree, or for manslaughter. Under such an indictment, it might with propriety be said that he was charged with murder in the second degree, and manslaughter, as well as murder in the first degree. Such an indictment would support a conviction for either of the lower grades of the crime, and a conviction in the manner and form as charged might be for either of the three offenses.

There are many decisions upon the question, and it will be seen that verdicts in the precise words of the one in question have been rendered, upon which judgments have been entered and reversed because of the uncertainty of the verdict.

In 1794, Pennsylvania enacted a statute defining the degrees of murder, and requiring the jury, in their verdict, to ascertain the degree of the crime. This may be called, as it is in fact, the parent statute, and from it has sprung a brood of statutes — its children — and ours is one of its offspring; and if we adhered to the counsels of the parent, we could hold this verdict good, as will be seen by an examination of the cases of *White* v. *Commonwealth*, 6 Binn. 179; *Commonwealth* v. *Flanagan*, 7 Watts & S. 415; *Commonwealth* v. *Miller*, Lewis' Crim. Law, 398; *Commonwealth* v. *Earle*, 1 Whart. 525; *Johnson* v. *Commonwealth*, 12 Harris, 386.

But the weight of authority is against the verdict, as the following authorities will show:

In *People* v. *Marquis*, 15 Cal. 38, the defendant was convicted of the crime of murder under an indictment in the usual form. The verdict of the jury was "guilty, as charged in the indict-

ment." The court, in reversing the judgment, say : " The indictment was as good for murder in the second degree as in the first degree, and the jury, under this indictment  *  *  * , might have found the defendant guilty of the second as well as they could have found him guilty of the first degree of that crime. The statute provides that the jury shall designate in their verdict the degree of the offense. This they have not done, and the court, in a capital case, cannot assume that they designed, from a general finding, to fix the grade of the crime."

The question again came before the supreme court of California in *People* v. *Campbell,* 40 Cal. 129, notwithstanding the earlier decision upon the same subject, and the court held, that in a trial for murder, if the jury find the defendant guilty, they must expressly state in their verdict the degree of murder. Notwithstanding the crime charged in the indictment may be murder in the first degree, a verdict, that the jury find the defendant guilty of the crime charged in the indictment, is not such a designation of the degree of murder as the statute requires. Therefore the judgment was reversed. Our statute is a re-enactment of that of California, and the construction put upon it by the California courts might be said to be enacted with the statute. But other States, with statutes springing from the same source, furnish precedents of like authority.

In *State* v. *Moran,* 7 Iowa, 236, the indictment charged that the defendant did, " with force and arms, willfully, deliberately, and with malice aforethought, kill and murder Mrs. Moran with a knife, by stabbing," etc. The charge was in language similar to that in the indictment in the case at bar. The jury returned a verdict in these words : " We, the jury, find the defendant guilty, as charged in the indictment."

After reciting the statute which, like ours, requires the jury to ascertain by their verdict the degree of the murder, the court say : " We think the jury cannot be said to have made this inquiry, nor to have ascertained by their verdict the degree of the defendant's guilt. This it was their province and their duty to do, and the court had not the right to assume, from the verdict rendered, that they intended to find the prisoner guilty of one rather than the other offense. It is said, however, that the indictment charges

the crime of murber in the first degree, and that when the jury, by their verdict, found the defendant ' guilty, as charged in the indictment,' they did, in legal effect, ascertain that he was guilty in the degree charged.   This argument, however, leaves it to the court to deduce the intention of the jury from a verdict general in its language, whereas the law requires that the *jury* shall find specifically the *fact* whether guilt is of the first or second degree.   When jurors find by their verdict that a prisoner is ' guilty,' or, ' guilty, as charged in the indictment,' it is not assuming too much to say, that as a general thing, they have simply found him guilty of a criminal homicide, without reference to the degrees of his guilt.   And to say that upon such a verdict the court might properly conclude that they intended the highest offense, would be to presume against instead of in favor of human life."

To the same effect are the following cases : *Dick* v. *State,* 3 Ohio St. 89 ; *Parks* v. *State,* id. 101 ; *State* v. *Dowd,* 19 Conn. 388 ; *Thomas* v. *State,* 5 How. (Miss.) 20 ; *State* v. *Reddick,* 7 Kan. 143 ; *McPherson* v. *State,* 9 Yerg. 279 ; *Kirby* v. *State,* 7 id. 259 ; *Hines* v. *State,* 8 Humph. 579 ; *Mitchell* v. *State,* 8 Yerg. 574 ; *Commonwealth* v. *Miller,* 1 Va. Cases, 310, 311 ; *Wicks* v. *Commonwealth,* 2 id. 387 ; *Livingston* v. *Commonwealth,* 14 Gratt. 592, 596 ; *Cobia* v. *State,* 16 Ala. 781 ; *Johnson* v. *State,* 17 id. 618 ; *Noles* v. *State,* 24 id. 672 ; *Harsell* v. *State,* 26 id. 52 ; *McGee* v. *State,* 8 Mo. 495 ; *People* v. *Potter,* 5 Mich. 1 ; *Thomas* v. *State,* 5 Miss. 32 ; *Slaughter* v. *State,* 24 Tex. 410.

The above decisions have been made under statutes similar to that of this Territory, under consideration by the courts of Ohio, Connecticut, Mississippi, Kansas, Tennessee, Virginia, Alabama, Missouri, Michigan, Texas, California, Iowa and Pennsylvania.

The conclusion is certain, that the verdict in the case of murder must express the degree of the crime, or no judgment can be entered thereon.   A verdict of " guilty, in manner and form as charged in the indictment," when the indictment charges murder in the first degree, cannot, by the aid of evidence, instructions, or any presumption, be made to comply with the statute.

The judgment is reversed, and cause remanded for a new trial.
                                              *Judgment reversed.*