TERRITORY OF MONTANA, respondent, v. FRANK YOUNG, appellant.

INDICTMENT FOR MURDER — *Allegation* — *Weapon in hand of accused.*— In an indictment for murder, the allegation that at the time of the perpetration of the crime the weapon was in the hands of the defendant, is not necessary to a full description of the crime, nor in order to inform the defendant of the particulars of the charge which he is to meet, and, if inserted, need not be proved.

SAME — *Must support judgment* — *Question may be raised on appeal.*— The indictment must support the judgment, and the question whether it does or not can be first raised in the appellate court.

SAME — *Technical conclusion* — *Statute on subject.*— The reason for the technical conclusion of indictments for murder at common law all disappear under statutes defining the degrees of the crime, and providing that the jury shall designate the degree in their verdict. R. S. p. 311, § 171, subds. 5, 6.

APPEAL — *Testimony taken in court below.*— Testimony cannot be brought before the appellate court for review except by statement on motion for a new trial.

*Appeal from First District, Gallatin County.*

R. P. VIVION and J. B. SANBORN, for appellant.

J. A. JOHNSTON, Attorney-General, for respondent.

WADE, C. J. ,This is an appeal from a final judgment rendered upon a verdict in which the defendant was found guilty of the crime of murder in the first degree. There was but one exception taken and saved during the trial, and that has been abandoned by counsel for the defendant in their briefs and arguments as unworthy of their consideration. That exception is based upon the proposition that the facts stated in the indictment do not constitute a public offense, in this: the indictment does not allege that the defendant had and held a certain gun, or had any weapon in his possession, at the time of the alleged killing, and that the said indictment is therefore uncertain. A reference to the authorities will conclusively show that such an allegation is unnecessary. In

the case of *Commonwealth* v. *Costley,* 118 Mass. 1, which
was an indictment for murder, the defendant moved to
quash the indictment, "because there is no allegation
that the pistol named therein as the weapon with which
the homicide was committed, was had·or held by the de-
fendant, at the time of the commission of the offense, in
his, the defendant's, hand or hands." The motion was
overruled and the defendant excepted. In deciding the
question raised by the exception, Chief Justice Gray
said: "The only objection to the form of the indict-
ment is for the omission to allege that the pistol was held
in the hand of the defendant. This objection is sup-
ported by a statement in 2 Hale, P. C. 185, and by a case
there cited, decided in the time of Queen Elizabeth. But
the materiality of such an allegation has been denied or
doubted by the later English writers on criminal law.
2 Hawk. P. C. p. 23, §§ 76–84; 1 East, P. C. 341; 1 Star-
kie, Crim. Pl. (2d ed.) 92; 1 Russ. Cr. (3d ed.) 558;
Archb. Crim. Pl. (10th ed.) 407. It is not necessary to a
full description of the crime, nor in order to inform the
defendant of the particulars of the charge which he is to
meet, and, if inserted, need not be proved. We are of
the opinion that it is of the same character as a descrip-
tion of the size of the wound, the omission of which does
not affect the validity of the indictment." Train & H.
Crim. Pl. 274.

But though there were no other objections to the indict-
ment at the trial, still the indictment must support the
judgment, and the question as to whether it does or not
can be, as it has been, raised in this court for the first
time in this case. It is admitted by counsel for the
defendant that the indictment is good for murder in the
second degree, and that it is a good common law indict-
ment for murder. If this be so, then this case is within
the decision of this court in the case of *Territory* v.
*Stears,* 2 Mont. 326, which case is affirmed in *Territory*
v. *McAndrews,* 3 Mont. 158, where it is held that an in-

dictment for murder, good at common law, is good under our statute. More than this, the indictments in the *Stears* and *McAndrews Cases* are in every material particular the same as the indictment in the case we are considering. The only difference is in the conclusion of the indictments. In the *Stears Case* the indictment concludes as follows: "And so the jurors aforesaid, upon their oaths aforesaid, do further say that the said William H. Stears, the said Franz Warl, in manner and form aforesaid, then and there feloniously, wilfully, and of his deliberate and premeditated malice, and of his malice aforethought, did kill and murder, contrary," etc.

In this case, the indictment — after charging that the defendant, in and upon one Daniel McCarty, feloniously, wilfully, unlawfully, deliberately, premeditatedly, and of his malice aforethought, did make an assault, and then and there (describing the means used) feloniously, wilfully, unlawfully, deliberately, premeditatedly, and of his malice aforethought, did strike, penetrate and wound the said Daniel McCarty (describing how and where), thereby giving to the said Daniel McCarty one mortal wound, of which mortal wound the said McCarty instantly died — concludes as follows: "And so the grand jurors aforesaid do say that the said Frank Young, in the manner and by the means aforesaid, feloniously, wilfully, unlawfully, deliberately, premeditatedly, and of his malice aforethought, did kill and murder, contrary," etc., leaving out the words "him, the said McCarty." These words are the mere conclusion drawn from the preceding averments. If the averments are bad, the conclusion will not aid them; if they are good, and sufficiently describe the crime as the law requires, by proper averments, the formal concluding words are immaterial. At common law the concluding words formally charging the defendant with murder were necessary in order to distinguish an indictment for murder from an indictment for manslaughter. If the term "murder" were

omitted from the conclusion of the indictment, the defendant could only be convicted of manslaughter. 3 Chit. Crim. Law, 737; *Fouts* v. *State*, 8 Ohio St. 119, 120.

The reasons for the technical conclusion of indictments for murder at common law all disappear under statutes defining the degrees of the crime, and providing that the jury shall designate the degree in their verdict. And so we are compelled to say that this indictment is clearly within the *Stears* and *McAndrews* decisions, and those decisions we cannot disturb. This conclusion seems irresistible when we remember our statute, which provides that no indictment shall be quashed or set aside for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime and person charged, or for any defect or imperfection which does not tend to prejudice the substantial rights of the defendant on the merits. R. S. p. 311, § 171, subds. 5, 6.

This is an appeal from the judgment. There was no motion for a new trial. The decisions of this court are uniform and numerous that the testimony cannot be brought here for review except by statement on motion for a new trial. The testimony is not before us in such a manner that we can examine it as to its sufficiency to support the verdict. Only a motion for a new trial could have brought it here for that purpose. There is no exception to this rule.

The defendant at the trial did not ask for any instructions to the jury in his own behalf, nor did he object to or take an exception to those given by the court, or to any part or portion of them. He did not suggest an addition to or a modification of the instructions as given. This being so, we cannot consider the questions raised by counsel for defendant in their briefs and argument for the first time. Over and over again this court has decided that we cannot consider objections to instructions to the jury unless such objections were made and saved at the trial in a proper bill of exceptions. Under the law

of the territory and precedents of this court there is nothing in the record by which the judgment can be disturbed.   The judgment is affirmed.

(All concur.)