# TERRITORY OF MONTANA, Respondent, *v.* GEORGE GODAS, Appellant.

MURDER — *Indictment* — *Charging intent* — *Charging injuries inflicted.* — The defendant was convicted of murder in the first degree under the tenth count of the indictment (which is set forth in the statement by the court). He appealed on the ground that the indictment was insufficient to maintain the conviction of murder in the first degree, because there was no allegation that an assault had been made with an intent to kill; and was also insufficient in having omitted to allege that there had been inflicted upon the deceased a "wound" or "bruise," instead of "mortal injuries and a mortal sickness," as alleged. *Held,* upon the authority of *Territory* v. *Stears,* 2 Mont. 324; *Territory* v. *McAndrews,* 3 Mont. 158; and *Territory* v. *Young,* 5 Mont. 242, that the indictment meets the requirements of the statutes of Montana as to charging the intent to kill; and that the second objection urged is also without force.

*Appeal from the First Judicial District, Lewis and Clarke County.*

### STATEMENT.

The defendant, George Godas, a half breed, was indicted at the November term, 1887, of the District Court in and for the county of Lewis and Clarke, for the murder of a half breed named John Embody. He was tried at the April term, 1888, of said court, and found guilty of murder in the first degree. The evidence upon which he was convicted was circumstantial. He was sentenced to be hung, the tenth day of August, 1888, being set for his execution, but made his escape from the Helena jail. He was apprehended in Canada and extradited, subsequent to August 10, 1888. Upon the affirmance of his sentence in the present opinion, the day for his execution was again designated; but before its arrival, on March 7, 1889, his excellency, P. H. Leslie, governor of the Territory, upon the presentation of petitions for clemency, commuted the sentence to imprisonment for life.

*T. H. Carter,* and *William H. Hunt,* for Appellant:

Assuming that the tenth count of the indictment is good at common law, a conviction thereunder in Montana could only be for murder in the second degree. The defendant was found guilty of murder in the first degree under the tenth count in the indictment. This acquits him under all the other counts therein. (Wharton's Criminal Pleading and Practice, 740; *Edgerton* v.

*Commonw.* 5 Allen, 514; *Guenther* v. *People*, 24 N. Y. 100.) The instructions given by the learned justice on the trial are only claimed to be erroneous upon the ground that, in Montana, a common-law indictment for murder will not warrant a verdict of murder in the first degree. The tenth count is not sufficiently specific. "Inflict certain mortal injuries" and "a mortal sickness" might cover death from a broken heart as well as death from a wound. The indictment at common law should specify either "wound" or "poison" or some "physical injury." (Dr. Francis Wharton's Letter; *Commonw.* v. *Woodward*, 102 Mass. 159.) There should be the use of the word "bruise" or "wound" or "poison." "As to whether a verdict of murder in the first degree could be sustained in Montana on a common-law indictment for murder is a question very intricate." (Dr. Francis Wharton's Letter.) Our statutory murder is, "the unlawful killing of a human being with malice aforethought, either expressed or implied." (Rev. Stats. 1879, p. 358, § 18.) This definition is identical with common-law murder. (1 Russell on Crimes, 482.) But murder in the first degree, by our law, is a higher crime than murder in the second degree, and more proof is necessary to sustain an indictment for murder in the first degree than is requisite to sustain murder in the second degree, or common-law murder. The constituent elements of murder in first degree by our statutes are, an unlawful killing, malice aforethought in the *killing* itself, deliberation in the killing, premeditation in the killing, and the assault must be made with an intent to carry out such a killing, and every element requisite in the killing is requisite in the assault, or the crime is not murder in the first degree. The words "feloniously, wilfully, maliciously, and premeditately" do not import in this indictment, *necessarily*, any intent to kill whatever. With the additional averment of striking at the defendant with his fist, such an indictment would simply be an aggravated assault, not an assault with intent to commit murder. It may be argued that "it need not appear on the face of the indictment of what degree the murder was, because murder being charged, the jury are by their verdict to ascertain the degree thereof." (*Territory* v. *Stears*, 2 Mont. 327.) If this be good reasoning, under an indictment for burglary in the second degree, burglary

in the first degree could be proved and a conviction sustained; or under an allegation of premeditated assault (without any alleged design to harm), if the proof showed an attempt to kill, a conviction could be had for the latter or higher offense. Murder in first degree is one crime, and to prove it, the proper allegations must be in the indictment. (2 Bishop's Criminal Procedure, 102.) Murder in second degree is another crime, and under an indictment therefor, no matter what deliberation or design may be *proved* on the trial, it is absurd to say a jury can convict of murder in a higher degree than that alleged. There is no principle of law to sustain the reasoning, that on a charge of a lesser offense a man can be convicted of a higher one. It is a fundamental rule of criminal pleading that what is material in the description of an offense must be pleaded. This design to take life is indispensable in murder in first degree by our statutes and should have been alleged. (Wharton on Homicide, 61, 171, 177; *Fouts* v. *State,* 4 Greene, G. 500; *State* v. *McNally,* 32 Iowa, 581; *State* v. *McCormick,* 27 Iowa, 406; *State* v. *Watkins,* 27 Iowa, 415; *Fouts* v. *State,* 8 Ohio St. 98; *Hagan* v. *State,* 10 Ohio St. 459; *Leonard* v. *Washington Territory,* 2 Wyom. 383; 2 Bishop's Criminal Procedure, 577, n. 3; *State* v. *Brown,* 21 Kan. 38.) The killing must also have been done wilfully, premeditately, feloniously, and maliciously, and should have been so charged. (*Vide* above authorities; *Commonw.* v. *Lannan,* 1 Allen, 591.) Appellant asks that the judgment be reversed, and that the court grant a new trial, or order judgment to be entered against him in the District Court for such an offense as the indictment may warrant.

*W. E. Cullen,* Attorney-General, for Respondent.

There is but one question presented by the brief of appellant, and that is, whether an indictment good at common law is sufficient under our statute. The counsel for the appellant admit that "the instructions given by the learned justice on the trial are only claimed to be erroneous, upon the ground that in Montana a common-law indictment for murder will not warrant a verdict of murder in the first degree." It seems to be conceded that the count of the indictment under which the appellant was convicted would have been sufficient at common law

to have sustained a conviction for murder in the first degree. The said count seems to have been modeled after a count in the indictment in the celebrated Webster case. (*Commonw.* v. *Webster*, 5 Cush. 295; 52 Am. Dec. 711.) The principle applicable to criminal pleading therein established, in cases where the instrument or cause of death is unknown to the grand jury, seems now to be very firmly established. (1 Wharton's Criminal Law, 8th ed. § 525; Wharton's Criminal Evidence, § 93; *State* v. *Wood*, 53 N. H. 484; *State* v. *Williams*, 7 Jones [N. C.] 446; 78 Am. Dec. 248; *State* v. *Burke*, 54 N. H. 92; *People* v. *Cronin*, 34 Cal. 191; *Commonw.* v. *Martin*, 125 Mass. 394; Wharton's Criminal Pleading and Practice, § 156; *People* v. *Taylor*, 3 Denio, 91; *Commonw.* v. *Ashton*, 125 Mass. 384.) "As to whether a verdict of murder in the first degree could be sustained in Montana on a common-law indictment for murder," see *Territory* v. *Stears*, 2 Mont. 325; *Territory* v. *McAndrews*, 3 Mont. 158; *Territory* v. *Young*, 5 Mont. 243; *Territory* v. *Burgess*, 8 Mont. 57; *Territory* v. *Halliday*, Utah, Feb. 1888; *Fouts* v. *State*, 8 Ohio St. 124; dissenting opinion of Judges Swan and Brinkerhoff.

## STATEMENT OF FACTS.

### (Prepared by the Court.)

The defendant, George Godas, was found guilty of murder in the first degree under the tenth count of an indictment, which count reads as follows: "And the grand jurors aforesaid, upon their oaths aforesaid, do further find and present that the said George Godas, on the eighth day of September, A. D. 1887, at the said county of Lewis and Clarke, with force and arms, in and upon one John Embody, in the peace of God and the Territory of Montana, then and there being, feloniously, wilfully, and of his deliberately premeditated malice aforethought, did make an assault; and in some way and manner, and by some means, instruments, and weapons to the grand jurors unknown, he, the said George Godas, did then and there feloniously, wilfully, and of his deliberately premeditated malice aforethought, inflict on and create in the said John Embody certain mortal injuries and a mortal sickness, a further description whereof is to the jurors aforesaid unknown, of which said mortal sickness and

injuries, so to the jurors aforesaid unknown, the said John
Embody then and there instantly died.   And so the said George
Godas did, in the manner and form aforesaid, feloniously, wil-
fully, and of his deliberately premeditated malice aforethought,
kill and murder the said John Embody, against the peace and
dignity of the Territory of Montana, and contrary to the form
of the statute in such case made and provided."

The defendant moved for a new trial upon various grounds;
the motion was denied, and the defendant appeals from the judg-
ment and the order denying a new trial.

BACH, J.—The appeal in this case is based upon one ground
only, which, briefly stated, is that the tenth count of the indict-
ment does not state facts sufficient to constitute the crime of
murder in the first degree, because it does not allege that the
assault was made with the wilful, deliberate, and premeditated
purpose and intent to kill.   If this case was one of first impres-
sion in this court, and if that intent was not alleged, we might
reach a conclusion different from our present decision.   There
seems to be much force in the position taken by the counsel for
defendant, which is about as follows:  Our statute defines mur-
der in the first degree, and changes the common-law definition
of that kind of murder, the penalty of which is death; there-
fore, murder in the first degree being a statutory crime, and an
indictment charging only what was required at common law,
will not sustain a verdict of guilty of murder in the first degree.
It is insisted by the appellant that an assault may be made wil-
fully, deliberately, premeditately, and with deliberately pre-
meditated malice aforethought, and yet may not have been
made with any intent to kill; and that in such case the crime
of murder in the first degree would not have been committed
even though death had ensued as the result of such an assault.
We can see much force in the argument of counsel that the
intent to kill is a fact which is a necessary ingredient of
the crime, and that for that reason it ought to be stated in the
indictment.   We cannot refrain from expressing our surprise
that prosecuting attorneys do not insert a clause, the absence of
which from indictments has been the ground of appeal to this
court in so many cases.

In the case of the *Territory* v. *Stears*, 2 Mont. 325, the Supreme Court of this Territory held that it was not necessary to charge the intent to kill in an indictment for murder in the first degree. This decision was twice affirmed; once in *Territory* v. *McAndrews*, 3 Mont. 158; again, in *Territory* v. *Young*, 5 Mont. 243. And similar indictments have been upheld in other courts of high repute. In this Territory, since the decision in the Young case, the soundness of the doctrine has never been questioned until now, although many cases of the same grave nature have been before us upon similar indictments. The decision now has the force of a well-established precedent; and it would be vain for us to say that an indictment of the same character does not in this jurisdiction notify the accused of the nature of the crime charged against him.

The tenth count of this indictment, however, contains allegations which were not included in the indictment of the case of the Territory against Stears. In the latter case it will be observed that the words "wilfully, deliberately," etc., do not qualify the allegation which declares that the defendant inflicted a mortal wound. The tenth count of this indictment is contained in the statement of facts, and it will be observed that it charges that the defendant "wilfully and of his deliberately premeditated malice aforethought did make an assault; and in some way and manner, and by some means, instruments, and weapons to the grand jurors unknown . . . . did then and there feloniously, wilfully, and of his deliberately premeditated malice aforethought, inflict on and create in the said John Embody certain mortal injuries and a mortal sickness . . . . of which said mortal sickness and injuries . . . . the said John Embody then and there instantly died." To charge that A feloniously, wilfully, etc., assaulted B, and feloniously, wilfully, and of his deliberately premeditated malice aforethought, inflicted upon B a mortal injury and a mortal sickness, of which B dies, is practically to charge that the death of B is the result of the wilful, deliberate, and premeditated killing by A. It is insisted, however, that the expression "mortal injuries and a mortal sickness" is not sufficient; that it should read "mortal bruise or mortal wound." This, we think, is a distinction too refined. The statement was sufficient to notify the defendant of the nature of the crime charged against him.

The judgment and order of the court below are affirmed; said judgment to be carried into effect as directed by a warrant to be issued by this court to the sheriff of Lewis and Clarke County, commanding him to do execution of the sentence at such time as shall be appointed therein, as provided in section 398 of the Code of Criminal Procedure.

*Judgment affirmed.*

LIDDELL, J., and DE WOLFE, J., concur.