STATE, RESPONDENT, *v.* HLIBOKA, APPELLANT.

(No. 2,073.)

(Submitted November 19, 1904. Decided December 24, 1904.)

*Murder—Information—Sufficiency.*

Under the Penal Code of Montana, an information charging that accused committed a murder willfully, unlawfully, feloniously and premeditatedly, and of his malice aforethought, charges murder in the first degree, though it fails to use the word "deliberately."

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

GEORGE HLIBOKA was convicted of murder in the first degree, and was sentenced to be hanged. From the judgment, and from an order denying his motion for a new trial, he appeals. Affirmed.

*Mr. A. P. McAnelly, Messrs. Greene & Cockrill,* and *Mr. P. H. Leslie,* for Appellant.

The information is insufficient to sustain a verdict or judgment of murder in the first degree. (Constitution of Montana, Art. III, Sec. 16; *Cannon* v. *State,* (Ark.) 31 S. W. 150; *State* v. *Brown,* 21 Kan. 43; *State* v. *Boyle,* 28 Iowa, 522; *State* v.

*Knouse,* 29 Iowa, 118; *State* v. *McCormick,* 27 Iowa, .402; *Fouts* v. *State,* 4 Greene, (Iowa) 500; *People* v. *Valencia,* 43 Cal. 552; *People* v. *Long,* 39 Cal. 696; *People* v. *Knapp,* 71 Cal. 1; *State* v. *Wong Fun,* 40 Pac. 95; *Territory* v. *Layne,* 7 Mont. 228; *State* v. *Myers,* 99 Mo. 107, 12 S. W. 516; *Leonard* v. *Territory,* 7 Pac. 872; *Territory* v. *Manton,* 7 Mont. 169; 10 Ency. Pl. and Pr. 122; 2 Bish. Crim. Proc., Sec. 569 *et seq.; State* v. *Metcalf,* 17 Mont. 417; *Finn* v. *State,* 5 Ind. 400; *State* v. *Baker,* 13 Mont. 160; *State* v. *Meyer,* 58 Vt. 457, and cited in 3 Atl. p. 195; Whorton, Criminal Pl. and Pr. p. 709 *et seq.; State* v. *Brainerd,* 25 Iowa, 572; 1 Bishop's Criminal Proc. p. 980; *State* v. *Curtis,* 70 Mo. 599; *State* v. *Werner,* 66 Mo. 13; *State* v. *Mills,* 74 Mo. 220; *Nye* v. *People,* 35 Mich. 16; *State* v. *O'Hara,* 92 Mo. 59; *Atkinson* v. *State,* 20 Tex. 522; *State* v. *Kane,* 8 Ohio St. 307; *Fouts* v. *State,* 8 Ohio St. 98; *Leonard* v. *Territory,* 2 Wash. 381; *Shaffer* v. *State,* 22 Neb. 557; *State* v. *Brasen,* 21 Kan. 38; *Holt* v. *Territory,* 43 Pac. 1083; *State* v. *Shafer,* 26 Mont. 11.)

*Mr. James Donovan, Attorney General,* for the State.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

George Hliboka, having been found guilty of the crime of murder in the first degree, was sentenced to be hanged. From this judgment, and from an order denying his motion for a new trial, he has appealed to this court.

The only error which has been argued by his counsel in their brief is that the information under which he was convicted does not charge any greater crime than that of murder in the second degree. The information charges that the defendant did the murder willfully, unlawfully, feloniously, premeditatedly and of his malice aforethought. It is argued that the information does not charge murder in the first degree, for the reason that the word "deliberately" is not included among the charging words.

There is a wide divergence of opinion between the adjudicated cases and text-writers upon the question which this contention presents.   It can hardly be considered an open one in this jurisdiction, since the very able and exhaustive opinion rendered by the supreme court of the territory in *Territory* v. *Stears,* 2 Mont. 324, which has been followed or cited with approval in *Territory* v. *McAndrews,* 3 Mont. 158; *Territory* v. *Godas,* 8 Mont. 347, 21 Pac. 26; *Territory* v. *Johnson,* 9 Mont. 21, 22 Pac. 346; *State* v. *Northrup,* 13 Mont. 522, 35 Pac. 228, and *State* v. *Metcalf,* 17 Mont. 417, 43 Pac. 182.   The Stears decision is in consonance with the great weight of authority in this country, and, we think, with sound reason.   The basic principle underlying the doctrine announced in that case is that the legislature has the right to define the crime of murder, to divide it into degrees, and to prescribe the method of determining the degree in a particular case.   That it has such power is undisputed by any one, and that it has exercised it is readily seen by an inspection of the following sections of the Penal Code, viz.:

"'Sec. 350.   Murder is the unlawful killing of a human being, with malice aforethought.

"Sec. 351.   Such malice may be express or implied.   It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature.   It is implied, when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart.

"Sec. 352.   All murder which is perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary, or mayhem, is murder of the first degree; and all other kinds of murder are of the second degree.

"Sec. 353.   Every person guilty of murder in the first degree shall suffer death; and every person guilty of murder in the second degree, is punishable by imprisonment in the state prison not less than ten years."

"Sec. 2145. Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

There is but one crime of murder, and its 'division into degrees is simply for the purpose of adjusting the punishment "with reference to the presence or absence of circumstances of aggravation." (*Davis* v. *Utah,* 151 U. S. 262, 14 Sup. Ct. 328, 38 L. Ed. 153.) The custom of punishing murderers in different modes, commensurate with the aggravation of their crimes, is not a new or even a modern one. It has obtained from the earliest times. Numerous examples are given by Blackstone (Book 4, c. 14). If murder in the first degree and murder in the second degree were two different crimes, then they should be so charged, and there would be no necessity for the jury to find the degree of the crime at all. It would only be necessary for the jury to find that the defendant was guilty in manner and form as charged in the information.

In *Territory* v. *Stears, supra,* the court comments upon the fact that an indictment for murder at common law charged that the defendant "feloniously, willfully and of his malice aforethought" did the act that caused the killing. Under such an indictment the defendant could be convicted of murder in the first degree, and, before a conviction of murder in the first degree could be had at common law, it was necessary, precisely as it is under our statute, that the element of settled deliberation, premeditation, purpose and design enter into the crime. The court says that inasmuch as our statutory definition of murder is, in legal effect, the same as the common-law definition, and we have adopted the common-law description of the crime, an indictment for murder, good at common law, is good under our statute.

A majority of the courts of last resort in the United States hold that the words "deliberately" and "premeditatedly" are not essential to make a good indictment or information for murder in the first degree. Such is the rule in Alabama, California, Colorado, Connecticut, Dakota, Idaho, Louisiana, Maine, Mary-

land, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Mexico, North Carolina, Oklahoma, Pennsylvania, Tennessee, Texas, Utah, Virginia, Washington and Wisconsin.

Some comparatively recent cases are *State* v. *Cole,* 132 N. C. 1069, 44 S. E. 391; *State* v. *Johnson,* 104 La. 417, 29 South. 24; *Ruiz* v. *Territory,* 10 N. Mex. 120, 61 Pac. 126; *Perkins* v. *Territory,* 10 Okl. 506, 63 Pac. 860. But if any additional authority is needed to sustain this proposition it will be found in the case of *Davis* v. *Utah Territory,* 151 U. S. 262, 14 Sup. Ct. 328, 38 L. Ed. 153, in which Mr. Justice Harlan, speaking for the court, goes over the subject thoroughly. The statutes construed are practically the same as our own upon this subject. In that opinion we find the following: "Other assignments of error present the objection that the indictment is so framed that it will not support a verdict of guilty of murder in the first degree. This objection is based in part upon the theory that murder in the first degree and murder in the second degree are made distinct, separate offenses. But this is an erroneous interpretation of the statute. The crime defined is that of murder. The statute divides that crime into two classes in order that the punishment may be adjusted with reference to the presence or absence of circumstances of aggravation. And therefore, 'whenever a crime is distinguished into degrees,' it is left to the jury, if they convict the defendant, 'to find the degree of the crime of which he is guilty.' 2 Comp. Laws Utah, 1888, p. 715, Sec. 5076. If the defendant pleads guilty 'of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree.' *Id.* p. 721, Sec. 5101. An indictment which clearly and distinctly alleges facts showing a murder by the unlawful killing of a human being with malice aforethought is good as an indictment for murder under the Utah statutes, although it may not indicate upon its face, in terms, the degree of that crime, and thereby the nature of the punishment that may be inflicted. Of course, if an indictment is so framed as to clearly show that the crime charged is not of the class desig-

nated as murder in the first degree, the jury could not find a verdict of guilty of murder in that degree. But, as already suggested, the pleader need not indicate the degree, but may restrict the averments to such facts as, in law, show a murder—that is to say, an unlawful killing, with malice aforethought—leaving the ascertainment of the degree to the jury, or, in case of confession, to the court. As the acts which, under the Utah statute, constitute murder, whether of the highest or lowest degree, constituted murder at common law, it is clear that an indictment good at common law as an indictment for murder, in whatever mode or under whatever circumstances of atrocity the crime may have been committed, is sufficient for any degree of the crime of murder under a statute relating to murder as defined at common law, and establishing degrees of that crime in order that the punishment may be adapted to the special circumstances of each case. These views are abundantly sustained by authority."

There is no merit in appellant's contention. To hold otherwise would be to hold that under our statute, framed as it is to simplify the forms of pleading, and to regard the substance rather than the shadow, the pleader must inform against one accused of murder with more particularity than was required at common law. As said in *People* v. *King,* 27 Cal. 507, 87 Am. Dec. 95: "Our Criminal Code was designed to work the same change in pleading and practice in criminal actions which is wrought by the Civil Code in civil actions. Both are fruits of the same progressive spirit, which in modern times has endeavored at least to do away with the mere forms and techinalities of the common law, which were productive of no good, and frequently brought the administration of justice into contempt by defeating its ends."

The only complaint appellant makes against the information is that the word "deliberately" was omitted therefrom. Otherwise he concedes that it contains a statement of the facts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to

know what is intended; that it is certain as to the party charged, the offense charged, and the particular circumstances of the offense charged. (Penal Code, Secs. 1832, 1834.)

It follows that the judgment should be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is affirmed.

*Affirmed.*